# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **LARRY D. LEWIS** | **CIVIL ACTION NO. 5:15-cv-1948** |
| **LA. DOC #518020** | |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Larry D. Lewis, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* on June 18, 2015. Petitioner attacks his 2010 conviction for possession of cocaine, his adjudication as an habitual offender and the life sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

On April 16, 2010, petitioner was found guilty as charged of possession of more than 28 grams of cocaine. [Doc. 1, p. 12] On June 22, 2010 petitioner was adjudicated a third felony offender and sentenced to life without parole. [Doc. 1, p. 13]

Appellate counsel was appointed and she appealed petitioner's conviction, adjudication, and sentence to the Second Circuit Court of Appeal arguing five assignments of error: (1) insufficiency of the evidence; (2) the trial court erred when it forced petitioner to trail without the

attorney retained to represent him and with attorneys who were not prepared for trial; (3) the trial

court erred in denying the motion to quash a bill of information which charged a non-existent

crime and alternatively the trial court erred in allowing the State to amend the bill of information

to cure said defect; (4) the trial court erred in admitting video evidence not timely provided to

trial counsel in response to discovery; and, (5) excessiveness of sentence. [Doc. 10-1, Exhibit A,

pp. 1-22] On May 18, 2011, the Second Circuit Court of Appeal affirmed petitioner's conviction,

adjudication, and sentence and mailed Notice of Judgment to petitioner's appeal counsel. *State of

Louisiana v. Larry D. Lewis*, 46,344 (La. App. 2 Cir. 5/18/2011), 69 So.3d 604. [See Slip

Opinion, Doc. 10-1, Exhibit C, pp. 36-52; see also letters from the Clerk of the Second Circuit

Court of Appeal to petitioner dated September 6 and 12, 2011, at Doc. 10-1, Exhibits D and E,

pp. 53-54][1]

On some unspecified date petitioner, or his attorney, filed an application for writs in the

Louisiana Supreme Court.[2] On June 1, 2012, the writ application was denied without comment.

*State of Louisiana ex rel. Larry D. Lewis v. State of Louisiana*, 2011-2282 (6/1/2012), 90 So.3d

426.  Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 5,

¶9(h)]

---

[1] Petitioner's first letter to the Second Circuit was postmarked August 29, 2011 and inquired about the status of his appeal. The Court's September 6, 2011 reply indicated that the decision was rendered on May 18, 2011 and a copy of the opinion was mailed to all parties. Petitioner thereafter requested a copy of the opinion and on September 12, 2011 the Court advised that the opinion was mailed to petitioner's appellate counsel and suggested that he obtain a copy of the opinion from her to save the purchase price. [Doc. 10-1, Exhibits D and E, pp. 53-54]

[2] Petitioner was directed to provide "A **DATED** copy of petitioner's application for writs filed in the Louisiana Supreme Court on direct appeal under Docket Number 2011-2282..." however, he failed to comply with the order.

On December 31, 2013, petitioner filed a *pro se* application for post-conviction relief in the First Judicial District Court arguing claims of ineffective assistance of counsel and lack of subject matter jurisdiction due to a defective bill of information. [Docs 10-1, pp. 55-60 and 10-2, pp. 1-15, Exhibit F[3]] On some unspecified date his application was denied. [Doc. 5, ¶11][4] Petitioner's application for writs in the Second Circuit Court of Appeals was assigned Docket Number 49,345-KH[5] and denied on May 29, 2014. [Doc. 5, ¶12; Doc. 10-2, p. 16, Exhibit G]. On some unspecified date petitioner filed an application for writs in the Louisiana Supreme Court.[6] On May 1, 2015, his application was denied without comment. *State of Louisiana ex rel. Larry D. Lewis v. State of Louisiana*, 2014-1332 (La. 5/1/2015), 169 So.3d 367. [Doc. 10-2, Exhibit J, p. 17]

---

[3] In his application for post-conviction relief petitioner noted that the Second Circuit's opinion on direct appeal was rendered on May 18, 2011, and that his appellate counsel was notified. However, petitioner further alleged, "At no time was petitioner ever served or notified of this decision by the Clerk of the 2nd Circuit Court of Appeal or Attorney Peggy Sullivan." [Doc. 10-2, p. 4] Petitioner further noted that he and his fellow inmates at the Louisiana State Penitentiary "were being evacuated on or about May 13 through June 14, 2000, due to rising waters..." [Id.] He thereafter argued, "... because it was impossible without a ruling from the Second Circuit Court of Appeal to file for Post-Conviction in a timely fashion. Also because Appellate Counsel Peggy Sullivan failed to afford Petitioner his 6th Amendment right to counsel assistance on his first appeal also deprived Petitioner of his opportunity to seek writs or file a timely application for APCR later..." [Id., p. 5]

[4] Petitioner was directed to provide "A copy of the District Court's judgment/reasons for judgment denying petitioner's application for post-conviction relief...", however, he failed to comply with that order.

[5] Petitioner was directed to provide "A copy of petitioner's writ application to the Second Circuit Court of Appeal under Docket Number 49,345, seeking review of the denial of his application for post-conviction relief...", however, he failed to comply with that order

[6] Petitioner was directed to provide "A **DATED** copy of petitioner's writ application to the Louisiana Supreme Court under Docket Number 2014-1332..." He provided an undated cover sheet [Doc. 10-2, Exhibit I, p. 18] but nothing else.

Petitioner filed the instant petition for *habeas corpus* on June 18, 2015.  Petitioner argues the same five assignments of error raised on direct review. [Doc. 1]

### Law and Analysis

### 1. Timeliness under § 2244(d)(1)(A)

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[7]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson,*184 F.3d 467 at 472 (5th Cir. 1999) citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998)*.* Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Second Circuit Court of Appeal. On May 18,

---

[7] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §2244(d)(1)(C), or (D) in that petitioner has not alleged the presence of a newly recognized Constitutional right, or the recent discovery of the facts upon which his petition is premised. To the extent that petitioner argues that timeliness should be determined in accordance with the date that a State created impediment to filing was lifted, that claim is addressed in Part 2, below.

2011, the Court of Appeal affirmed his conviction, adjudication and sentence and sent notice of judgment to petitioner's court-appointed appellate counsel.  *State of Louisiana v. Larry D. Lewis*, 46,344 (La. App. 2 Cir. 5/18/2011), 69 So.3d 604. [See Slip Opinion, Doc. 10-1, Exhibit C, pp. 36-52] Petitioner contends that he did not receive a copy of the opinion from either the Court or his appeal counsel. Nevertheless, a writ application was filed at some point in time either by petitioner or on his behalf. As noted above, petitioner did not provide a copy of the writ application so it is impossible to determine whether it was timely filed. Nevertheless, the Supreme Court apparently considered the writ and denied it without comment on June 1, 2012. *State of Louisiana ex rel. Larry D. Lewis v. State of Louisiana*, 2011-2282 (6/1/2012), 90 So.3d 426.  As noted above, petitioner did not seek further direct review in the United States Supreme Court [Doc. 5, ¶9(h)], and therefore his judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..."  90 days later or, on or about September 1, 2012, when the time limits for seeking further direct review by filing a petition for *certiorari*  in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*."  Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying  his petition for *certiorari* to file a petition for a writ of *certiorari* in the United States Supreme Court.  *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).  Thus, the AEDPA limitations period began to run on September 1, 2012, and petitioner had one year, or until September 1, 2013, to file his *habeas corpus* petition.  He could not rely on the tolling provisions of 28 U.S.C. §2244(d)(2) because by

5

the time he filed his application for post-conviction relief on December 31, 2013 [Exhibit F,

Docs. 10-1, pp. 55-60; 10-2, pp. 1-15] the one year period of limitations had already run and

could not be revived by the late filing of the application.

In other words, petitioner was unable to toll the AEDPA's limitations period because by

the time he launched his first collateral attack on his conviction in the limitations period had

already expired and could not thereafter be revived. *See Villegas,* 184 F.3d 467. Thus none of

petitioner's post-conviction pleadings could serve to toll the running of the limitations period.

This petition is clearly time-barred by the provisions of the AEDPA.

### 2. Tolling Pursuant to Section 2244(d)(1)(B)

Section 2244(d)(1)(B) provides that under certain circumstances, the 1-year period of

limitation can run from "... the date on which the impediment to filing an application created by

State action in violation of the Constitution or laws of the United States is removed if the

applicant was prevented from filing by such State action..." As noted by the Fifth Circuit, "In

order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a

petition (2) by State action, (3) in violation of the Constitution or federal law." See *Egerton v.*

*Cockrell*, 334 F.3d 433, 436 (5th Cir.2003).  Petitioner seems to cast blame on his appellate

counsel, but it is unclear how she prevented him from timely filing either his application for post-

conviction relief or the instant petition for habeas corpus. Further, he has not shown how the

circumstances complained of amounted to State action in violation of the Constitution. In short,

petitioner is not entitled to statutory tolling.

### 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare

and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "... a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

 Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  The petitioner was not actively misled by the state of Louisiana; nor does it appear that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  Petitioner has no one to blame but himself for failing to timely file his application for post-conviction relief following the conclusion of the appeal process.

In short, petitioner has not alleged facts sufficient to warrant equitable tolling.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

7

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[8]  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

---

[8] Should petitioner object to this Report, he should provide copies of the documents he was previously ordered to provide as mentioned in the footnotes above.

In Chambers, Monroe, Louisiana, December 10, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**